UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 21-87 ECT/BRT |
| ) | |
| Plaintiff, ) | |
| ) | INDICTMENT |
| v. ) | |
| ) | 26 U.S.C. § 7206(1) |
| SHOUA ISABELLE YANG, ) | |
| ) | |
| Defendant. ) | |

The UNITED STATES GRAND JURY charges that:

### Background

1. Between in or about 2014 and in or about 2018, the defendant, SHOUA ISABELLE YANG ("YANG"), owned and operated a company in the State of Minnesota named ATWORK STAFFING INC. (ATWORK STAFFING). ATWORK STAFFING's business included contracting with companies ("clients") to hire and pay workers for those companies. The agreements between ATWORK STAFFING and its clients specified that the workers were employees of ATWORK STAFFING, and ATWORK STAFFING was responsible for all payroll taxes including withholding from employee pay, the payment of said withheld amounts to the Internal Revenue Service, the filing of true and correct Forms 941 to reflect the accurate withholding and payment of payroll taxes, and the payment of the employer's portion of Social Security and Medicare ("FICA") contributions. In or about January 2018, YANG registered "Work Way Services Inc." in the State of Minnesota, and thereafter YANG began to conduct the business of ATWORK STAFFING under the name Work Way Services Inc.

SCANNED
APR 1 3 2021
U.S. DISTRICT COURT ST. PAUL

2. During the relevant time, YANG understood that, as an owner and operator of ATWORK STAFFING, she was personally responsible for ensuring the true, accurate, and timely payment over to the Internal Revenue Service of all corporate income and payroll taxes by ATWORK STAFFING.

3. During the tax years 2015, 2016, 2017, and 2018, YANG employed workers but caused ATWORK STAFFING not to properly withhold, account for and pay over accurate payroll taxes, including federal income taxes and Social Security and Medicare taxes. YANG caused Forms 941 to be completed and filed that were willfully and deliberately false, in that they did not report all employees employed by ATWORK STAFFING and did not report all the payroll taxes owed by ATWORK STAFFING. YANG caused ATWORK STAFFING to pay a portion of its employees' salaries in cash and not report the true payroll on the Forms 941 filed on behalf of ATWORK STAFFING.

4. All Forms 941 filed for ATWORK STAFFING during the time frame of YANG's conduct were false because they failed to report the true payroll of ATWORK STAFFING, which included, among other things, failing to report the wages paid to the "cash" employees. Moreover, all of YANG's Forms 1120 corporate tax returns for ATWORK STAFFING were also false, as they underreported the gross receipts received from its clients, as well as the true amount of payroll expense for the wages paid to its employees.

U.S. v. Shoua Isabelle Yang

## COUNTS 1-13
(Filing a False Employer's Quarterly Federal Tax Return (Form 941))

5. Paragraphs 1 through 4 are incorporated by reference as if fully set forth herein.

6. On or about the dates listed below, in the State and District of Minnesota, and elsewhere,

**SHOUA ISABELLE YANG,**

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a false Employer's Quarterly Federal Tax Return (Form 941), which was made under penalties of perjury and which defendant did not believe to be true and correct as to every material matter, as described below:

| Count | Date of Tax Return | Description |
|---|---|---|
| 1 | May 28, 2015 | False Form 941 for the first quarter of calendar year 2015, in that the tax return reported in Lines 1 and 2 that defendant paid two employees a total of $24,564.68 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 2 | July 30, 2015 | False Form 941 for the second quarter of calendar year 2015, in that the tax return reported in Lines 1 and 2 that defendant paid six employees a total of $29,424.31 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 3 | October 27, 2015 | False Form 941 for the third quarter of calendar year 2015, in that the tax return reported in Lines 1 and 2 that defendant paid five employees a total of $30,974.36 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |

U.S. v. Shoua Isabelle Yang

| Count | Date of Tax Return | Description |
|---|---|---|
| 4 | January 19, 2016 | False Form 941 for the fourth quarter of calendar year 2015, in that the tax return reported in Lines 1 and 2 that defendant paid two employees a total of $14,516.33 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 5 | July 12, 2016 | False Form 941 for the first quarter of calendar year 2016, in that the tax return reported in Lines 1 and 2 that defendant paid six employees a total of $40,610.55 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 6 | July 13, 2016 | False Form 941 for the second quarter of calendar year 2016, in that the tax return reported in Lines 1 and 2 that defendant paid ten employees a total of $52,976.97 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 7 | October 3, 2016 | False Form 941 for the third quarter of calendar year 2016, in that the tax return reported in Lines 1 and 2 that defendant paid six employees a total of $35,809.38 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 8 | January 25, 2017 | False Form 941 for the fourth quarter of calendar year 2016, in that the tax return reported in Lines 1 and 2 that defendant paid one employee a total of $10,270.44 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 9 | April 10, 2017 | False Form 941 for the first quarter of calendar year 2017, in that the tax return reported in Lines 1 and 2 that defendant paid one employee a total of $8,240.26 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 10 | July 27, 2017 | False Form 941 for the second quarter of calendar year 2017, in that the tax return reported in Lines 1 and 2 that defendant paid one employee a total of $24,196.25 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |

| Count | Date of Tax Return | Description |
|---|---|---|
| 11 | November 29, 2017 | False Form 941 for the third quarter of calendar year 2017, in that the tax return reported in Lines 1 and 2 that defendant paid two employees a total of $27,678.56 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 12 | January 23, 2018 | False Form 941 for the fourth quarter of calendar year 2017, in that the tax return reported in Lines 1 and 2 that defendant paid two employees a total of $42,566.88 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |
| 13 | July 18, 2018 | False Form 941 for the second quarter of calendar year 2018, in that the tax return reported in Lines 1 and 2 that defendant paid eleven employees a total of $87,215.05 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts |

7. All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS 14-17
(Filing a False United States Corporation Income Tax Return (Form 1120))

8. Paragraphs 1 through 4 are incorporated by reference as if fully set forth herein.

9. On or about the dates listed below, in the State and District of Minnesota, and elsewhere,

**SHOUA ISABELLE YANG,**

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a false United States Corporation Income Tax Return (Form 1120 with schedules and attachments), which was made under penalties of perjury and which defendant did not believe to be true and correct as to every material matter, as described below:

U.S. v. Shoua Isabelle Yang

| Count | Date of Tax Return | Description |
|---|---|---|
| 14 | August 2, 2017 | False Form 1120 for the calendar year 2014, in that the tax return reported in Line 1a that defendant's gross receipts were $103,256, whereas, as defendant knew, her gross receipts substantially exceeded that amount, and in that the tax return further reported in that Line 13 that defendant's payroll expenses were $55,798, whereas, as defendant knew, her payroll expenses substantially exceeded that amount |
| 15 | August 2, 2017 | False Form 1120 for the calendar year 2015, in that the tax return reported in Line 1a that defendant's gross receipts were $175,165, whereas, as defendant knew, her gross receipts substantially exceeded that amount, and in that the tax return further reported in Line 13 that defendant's payroll expenses were $99,480, whereas, as defendant knew, her payroll expenses substantially exceeded that amount |
| 16 | August 2, 2017 | False Form 1120 for the calendar year 2016, in that the tax return reported in that Line 1a that defendant's gross receipts were $183,669, whereas, as defendant knew, her gross receipts substantially exceeded that amount, and in that the tax return further reported in Line 13 that defendant's payroll expenses were $139,667, whereas, as defendant knew, her payroll expenses substantially exceeded that amount |
| 17 | February 26, 2018 | False Form 1120 for the calendar year 2017, in that the tax return reported in Line 1a that defendant's gross receipts were $232,679, whereas, as defendant knew, her gross receipts substantially exceeded that amount, and in that the tax return further reported in Line 13 that her payroll expenses were $102,682, whereas, as defendant knew, her payroll expenses substantially exceeded that amount |

10. All in violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

_____        _____
ACTING UNITED STATES ATTORNEY         FOREPERSON

6