UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 21-CR-87 (ECT/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT AND** |
| v. ) | **SENTENCING STIPULATIONS** |
| ) | |
| SHOUA ISABELLE YANG, ) | |
| ) | |
| Defendant. ) | |

The United States of America and defendant Shoua Isabelle Yang ("defendant"), and her attorney, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This Plea Agreement does not bind any other United States Attorney's Office or any other federal or state agency. The parties to this Agreement have agreed upon the following:

### Charges in This Case

1. By this Agreement, defendant agrees to plead guilty to Count 12 and Count 17 of the Indictment, which charge defendant with Filing a False Federal Income Tax Return, in violation of 26 U.S.C. § 7206(1). If at the time of sentencing defendant has complied with this Plea Agreement, the remaining counts will be dismissed.

2. Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney.

3. Defendant fully understands the nature and elements of the crime with which she has been charged.

## Factual Basis

4. Defendant is pleading guilty because she is in fact guilty of Count 12 and Count 16 of the Indictment. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

In or about 2014, defendant together with business partner K.V. formed a company in the State of Minnesota named Atwork Staffing Inc. (Atwork Staffing), which they owned and operated jointly. Atwork Staffing's business included contracting with companies ("clients") to hire and pay workers for those companies. The agreements between Atwork Staffing and its clients specified that the workers were employees of Atwork Staffing, and Atwork Staffing was responsible for all payroll taxes including withholding from employee pay, the payment of said withheld amounts to the Internal Revenue Service, the filing of true and correct Forms 941 to reflect the accurate withholding and payment of payroll taxes, and the payment of the employer's portion of Social Security and Medicare ("FICA") contributions. In or about January 2017, defendant and K.V. dissolved their business partnership, and defendant became solely responsible for Atwork Staffing's operations, which included defendant filing Atwork Staffing's Forms beginning with the second quarter of 2017. In or about January 2018, defendant registered "Work Way Services Inc." in the State

of Minnesota, and thereafter defendant began to conduct the business of Atwork Staffing under the name Work Way Services Inc.

Since at least the second quarter of 2017, defendant understood that, as an owner and operator of Atwork Staffing, she was personally responsible for ensuring the true, accurate, and timely payment over to the Internal Revenue Service of all corporate income and payroll taxes by Atwork Staffing.

During the tax years 2017 and 2018, defendant employed workers but caused Atwork Staffing not to properly withhold, account for and pay over accurate payroll taxes, including federal income taxes and Social Security and Medicare taxes. Defendant caused Forms 941 to be completed and filed that were willfully and deliberately false, in that they did not report all employees employed by Atwork Staffing and did not report all the payroll taxes owed by Atwork Staffing. Defendant caused Atwork Staffing to pay a portion of its employees' salaries in cash and not report the true payroll on the Forms 941 filed on behalf of Atwork Staffing.

All Forms 941 filed for Atwork Staffing during the time frame of defendant's conduct from the second quarter of 2017 through the second quarter of 2018 were false because they failed to report the true payroll of Atwork Staffing, which included, among other things, failing to report the wages paid to the "cash" employees. For example, as alleged in Count 12 of the Indictment, defendant submitted a false Form 941 dated January 23, 2018, for the fourth quarter of calendar year 2017, in that the tax return reported in Lines 1 and 2 that defendant paid two employees a total of

$42,566.88 in wages, tips, and other compensation, whereas, as defendant knew, her total employees and wages paid substantially exceeded those amounts.

Moreover, all of defendant's Forms 1120 corporate tax returns for Atwork Staffing were also false, as they underreported the gross receipts received from its clients, as well as the true amount of payroll expense for the wages paid to its employees. For example, as alleged in Count 17 of the Indictment, on or about February 26, 2018, defendant submitted a false Form 1120 for the calendar year 2017, in that the tax return reported in that Line 1a that defendant's gross receipts were $232,679, whereas, as defendant knew, her gross receipts substantially exceeded that amount, and in that the tax return further reported in Line 13 that defendant's payroll expenses were $102,682, whereas, as defendant knew, her payroll expenses substantially exceeded that amount.

## Maximum Statutory Penalties

5. Defendant understands that Count 12 and Count 17 of the Indictment, which charge defendant with Filing a False Federal Income Tax Return, in violation of 26 U.S.C. § 7206(1), each carry the following maximum statutory penalties:

    a.    3 years in prison;
    b.    supervised release term of 1 year;
    c.    fine of $250,000, or twice the gross gain or loss from the offense, whichever is greater;
    d.    mandatory special assessment of $100 per count; and
    e.    payment of mandatory restitution in an amount to be determined by the Court.

## Guidelines Calculations

6.     The parties acknowledge that defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*.  Nothing in this Plea Agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

   a.   <u>Base Offense Level</u>.  The government believes that the base offense level is 20 because the tax loss ($1,019,572.12) was greater than $550,000 but not more than $1,500,000.  U.S.S.G. §§ 2T1.1(a)(1), 2T4.I(H).  Defendant reserves the right to argue that the base offense level is 18 because the tax loss was greater than $250,000 but not more than $550,000.  U.S.S.G. §§ 2T1.1(a)(1), 2T4.I(G).

   b.   The parties agree that no other Chapter 2 adjustments apply.

   c.   <u>Acceptance of Responsibility</u>.  The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  As defendant has timely notified the government of her intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion.  However, defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) defendant testifies truthfully during the change of plea and sentencing hearings; (2) defendant cooperates fully with the United States Probation Office in the pre-sentence investigation; and (3) defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.  The parties agree that no other Chapter 3 adjustments apply.

   d.   <u>Criminal History Category</u>.  The parties believe that, at the time of sentencing, defendant will fall into Criminal History Category I.  This does not constitute a stipulation, but a belief based on an

assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    e.    <u>Anticipated Guidelines Range</u>. With an adjusted offense level of **17**, and a criminal history category of **I**, the resulting advisory Sentencing Guideline range is **24-30 months of imprisonment**, in addition to any supervised release, fine, and restitution the Court may impose. With an adjusted offense level of **15**, and a criminal history category of **I**, the resulting advisory Sentencing Guideline range is **18-24 months of imprisonment**, in addition to any supervised release, fine, and restitution the Court may impose.

    g.    <u>Fine Range</u>. With an adjusted offense level of 15 or 17, the fine range is $7,500 to $95,000. (U.S.S.G. § 5E1.2(c)(3)).

    h.    <u>Sentencing Recommendation, Departures, and Variances</u>. The parties reserve the right to make a motion for departures and/or variances from the applicable Guidelines range and to oppose any such motion(s) made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable guideline range.

7.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that

the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count to which the defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees the $200.00 special assessment is due and payable at the time of sentencing.

9. **Restitution**. Defendant agrees to pay restitution to the Internal Revenue Service pursuant to the Victim Witness Protection Act, 18 U.S.C. § 3663(a)(3) in an amount to be determined by the Court at sentencing. The parties further agree that the amount of restitution owed to the Internal Revenue Service is at least $493,754.61. The government asserts that restitution is at least $1,019,572.12.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(a). Defendant does not have the right to challenge the amount of this restitution-based assessment. Neither the existence of a restitution payment schedule nor defendant's

timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Defendant is entitled to receive credit for restitution paid pursuant to this Plea Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.  Defendant understands and agrees that the Plea Agreement does not resolve defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from defendant relating to the conduct covered by this Plea Agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability.  Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

10.     **Disclosure of Assets.**  Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business controlled by the defendant.  Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.  More specifically, two weeks after the change of plea, defendant agrees to provide to the United States, under penalty of perjury, a financial disclosure form listing all defendant's assets and financial interests valued at more than $1,000 before the date of sentencing.

Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate her ability to satisfy financial obligations imposed by the Court. If requested by the United States, defendant agrees to submit to one or more asset interviews or depositions under oath.

11.     **Revocation of Supervised Release**. Defendant understands that if she were to violate any condition of supervised release, defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583(k).

## Waiver of Rights

12.     **Waiver of Pretrial Motions**. Defendant understands and agrees that she has certain rights to file pre-trial motions in this case. As part of this Plea Agreement, and based upon the concessions of the United States within this Plea Agreement, defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case and agrees to withdraw and not pursue any motions previously filed.

13.     **Waiver of Trial Right**. Defendant understands that she has the right

to persist in a plea of not guilty to the charges against her in this case, and if she does, she would have the right to a public and speedy trial.  Defendant understands that by pleading guilty she surrenders this right.

14.    **Waivers of Appeal and Collateral Attack**.  Defendant understands that 18 U.S.C. § 3742 affords defendant the right to appeal the sentence imposed in this case.  Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal defendant's sentence, including the amount of restitution, unless the Court imposes a sentence of imprisonment exceeding 30 months.  The United States also waives its right to seek appellate review of any sentence of imprisonment imposed by the District Court on any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment is 24 months or more.  In addition, defendant expressly waives the right to petition under 28 U.S.C. § 2255.  However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.  Defendant has discussed these rights with the defendant's attorney.  Defendant understands the rights being waived, and defendant waives these rights knowingly, intelligently, and voluntarily.

15.    **FOIA Requests.**  Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

## Conclusion

16. This is the entire agreement and understanding between the United States and defendant. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause defendant to plead guilty.

17. Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney.

18. Defendant further acknowledges that she understands and voluntarily accepts every term and condition of this Plea Agreement.

Date: 11/1/2021

W. ANDERS FOLK
Acting United States Attorney

BY: MATTHEW S. EBERT
Assistant United States Attorney

Date: 10/20/21

SHOUA ISABELLE YANG
Defendant

Date: 10/20/21

THOMAS M. KELLY, Esq.
Attorney for Defendant